## Clinton School District's Appeal.

56   315
147  484

1. Under the Acts of April 14th 1864 and March 30th 1866, relating to bounty taxes in Butler county, the power of making exonerations being vested in the school directors, and no appeal given, the judgment of the directors in a case within their jurisdiction is final.

2. Where the general power to assess exists, the remedy for illegal taxation is by appeal; if no appeal be given, neither the Common Pleas nor the Supreme Court can revise the judgment of the tax officers.

3. If in the exercise of an honest judgment the directors refused a claim for exemption, equity could not revise their judgment by injunction; if they wantonly and maliciously refused, the remedy was against them personally.

November 14th 1867.    Before THOMPSON, STRONG, READ and AGNEW, JJ.    WOODWARD, C. J., absent.

Appeals from the decrees of the Court of Common Pleas of *Butler county* : In Equity.    No. 102–103, to October and November Term 1867.

These appeals were by the Clinton School District from the decrees of the court upon two several bills filed by James Harvey and William Harvey.

William Harvey, on the 31st of May 1866, filed a bill against John Montgomery and others, school directors of the district, and Samuel Anderson and William Abert, collectors of tax.    The bill set forth that the defendants had assessed two bounty taxes on the complainants' property at different dates amounting together to $170, and that the duplicates had been placed in the hands of Anderson and Abert for collection; that the tax was assessed under the Act of April 14th 1864, relating to bounties in the county of Butler, with its supplement; that the complainant and his property are exempt from the tax under the Act of March 30th 1866, he having been discharged from military service by reason of disabilities contracted in the service (setting out the act), and prayed the court to enjoin the defendants from collecting the tax and exonerate his property from paying the tax for ever.

The respondents answered that they had no knowledge officially that the complainant was entitled to the exemption claimed in his bill; that no claim for exemption had been made to them by the complainant, although the directors have always been and now are ready and willing to exempt all entitled to exemption; that as soon as they knew of the act, they instructed the collectors not to proceed, and the collectors have not since attempted to collect the taxes from the complainant or others whom they believed entitled to exemption, although having no official knowledge of the facts, they could not lawfully exempt the complainant.

The bill and answer were referred to an examiner to take testimony.    There was evidence that the directors knew of the plain-

tiff having been in service and having been discharged on account of disability contracted in the service; and the subject of his exoneration had been considered by the board of directors three times and the exoneration had been refused.

The court, in their opinion, after recapitulating the evidence, said:—

"From these facts, we feel disposed to treat the cases as if there had been, in each one, a personal application, or an equivalent thereto; so as to treat the case as a regular rejection, on the part of the board of directors, of the claims for exoneration. And, therefore, the complainants occupied the position of having substantially complied with the requirements of the law as already indicated.

"We, therefore, deem it to be just and proper to decree an exoneration of the complainant from the taxes assessed upon him, as set out in the bill, under the law; and to enjoin the collection of the same; and to order and direct the respondents to pay the costs of this proceeding."

The bill of James Harvey was substantially the same as William's, except that he claimed to be exempt on the ground of having served nine months. The respondent answered as in the case of William.

The evidence before the examiner was, that the complainant had served nine months. The evidence in relation to the action by the directors was the same as in the case of William.

The court in each case made a decree enjoining against the collection of the tax and directed the school directors to pay the costs. The school district appealed to the Supreme Court and assigned the decree of the court below for error.

*J. Bredin*, for appellants, cited Acts of March 23d 1865, Pamph. L. 719; March 21st and 30th 1866, Pamph. L. 216, 91; Commonwealth *v.* Cochran, 5 Binney 87.

*McJunkin, McCandless* and *Thompson*, for appellees, cited same Acts of Assembly: Brightly's Eq. § 771, 776, 777; Renninger *v.* Thompson, 6 S. & R. 2; Roop *v.* Meek, Id. 545.

The opinion of the court was delivered, January 7th 1868, by

AGNEW, J.—These bills were presented to the Court of Common Pleas of Butler county to restrain the school directors and the collectors of bounty taxes of Clinton township from collecting taxes assessed upon these plaintiffs under the Act of 14th April 1864, to provide for the payment of bounties to volunteers in the county of Butler, and its supplements. Each claimed to be exempted from the payment of bounty taxes under the Act of 30th March 1866.

[Clinton School District's Appeal.]

The power of making exonerations and exemptions from the assessment and collections of bounty taxes is vested in the school board, under the 4th section of the Act of 14th April 1864, and is recognised in various supplements. In none of these acts is an appeal given to any other tribunal.

The judgment of the directors in any case within their jurisdiction is final. This appears to be the general principle of all tax laws in this state and applies to county rates and levies under the Act of 15th April 1834. A few counties have been excepted by special laws (Brightly's Purd. 1861, p. 948), and these exceptions have furnished some judicial decisions in which the principle stated seems to be fully recognised : Kimber v. Schuylkill Co., 8 Harris 366 ; Hospital v. Philadelphia, 12 Harris 229 ; James v. Commissioners of Bucks Co., 1 Id. 72 ; Hughes v. Kline, 6 Casey 227. In the case of The Hospital v. Philadelphia Co., Lewis, C. J., took the distinction between irregular taxation and a want of power over the person or property taxed, holding that taxes paid under protest in the latter case could be recovered back. This seems to have been conceded also by Knox, J., in Stinger v. The Commonwealth, 2 Casey 426. But the distinction between an irregular tax and one that is illegal seems to have been denied in the more recent case of Wharton v. Borough of Birmingham, 1 Wright 371.

The opinion of the court by Woodward, J., asserts that the only remedy for illegal assessments is by appeal to the taxing power, and that money paid even under protest cannot be recovered back. That case was a levy on personal property for a *personal* tax, and the plaintiff claimed exemption from *personal* liability on the ground that the lots assessed were unseated. In principle, that case perhaps rules these. But all of the cases assert the doctrine that when the general power to assess exists, the proper remedy for illegal taxation is by appeal to those to whom the appeal is required to be taken ; and if none be given, neither the Common Pleas nor this court can revise the judgment of the tax officers. Indeed, it would be a most ruinous consequence if just, when the collector comes around with his warrant to demand taxes assessed in due form of law by those having the general power to tax, a court of equity could interfere by injunction, on the ground that the tax officers had omitted or refused to allow a special exemption. As was well remarked by our Brother Thompson, in Hughes v. Kline, it will not do to permit the collector of taxes to be interfered with by such process unless in the clearest cases of want of jurisdiction in the assessing and collecting officers.

The effects would be mischievous and disastrous. The collector might be restrained from using his duplicate and warrant, the treasurer from selling the lands of delinquents, and, as a conse-

[Clinton School District's Appeal.]

quence of the want of means, the business of the county, the improvement of highways, the keeping of the schools, and the maintenance of the poor, indefinitely suspended.

In the cases before us the Harveys were the owners of property and taxable citizens of Clinton township, whose names would appear in the assessments for county rates, made the basis of the levy of school taxes, and consequently for bounty purposes, which are required to be levied as school taxes are. The right to assess them as taxable inhabitants existed until they should appear and claim their exemption and show the grounds thereof. Primâ facie the school board had power to tax them for bounty purposes, and therefore had jurisdiction. It was the duty of the Harveys to appear and claim their right to be exonerated. If, in the exercise of an honest judgment upon the claim, the exemption was refused, a court of equity could not revise the judgment of the board by injunction. If, on the other hand, exemption was wantonly, and maliciously refused, they had their remedy against the directors personally.

The bills in these cases set forth no sufficient ground for an injunction and ought to have been dismissed by the court below. The decrees are therefore reversed and set aside, and the bills of the plaintiffs ordered to be dismissed at their costs.