# Philadelphia & Reading Coal & Iron Co., Appellant, *v.* Schmidt.

*Taxation—Fixing of tax rate—Subsequent adjustment of valuation of property—Levy—Equity—Bill for injunction—Laches—Estoppel—Dismissal.*

1. The tax rate should be fixed in connection with and in view of the amount of the valuation of the property to be taxed, and a levy is prematurely made where the tax rate is fixed before the assessment has been finally settled, and the collection of such taxes will be restrained when objection is promptly and properly made and prosecuted with due diligence.

2. A court of equity will not grant relief by injunction where the party seeking it is cognizant of his rights and does not take those steps to assert them which are open to him, but lies by and suffers his adversary to incur expenses and enter into engagements which would render the granting of an injunction against the completion of his undertaking, or the use thereof when completed, a great injury to him.

3. An estoppel may be raised by acquiescence where the party aware of his own rights sees the other party acting upon a mistaken notion of his rights.

4. Where the right to levy and collect taxes for purposes contemplated is possessed, a mistake in the valuation of the property subject to tax does not amount to usurpation of authority such as would render the tax wholly void.

5. In a suit in equity to restrain the taxing authorities of a county and township from collecting from plaintiffs an unpaid balance of taxes for the year 1913, on the ground that the tax had been improperly levied, it appeared that the rates were made by the defendants prior to the time when the valuation of the taxable property in the township was fixed and adjusted for 1913 by the county commissioners sitting as a board of revision of taxes, but that the amounts were nevertheless computed upon the 1913 valuation; that the plaintiffs had notice that the taxes had been so levied before they had paid any part thereof; that prior to the filing of the bill the plaintiffs had not objected to the taxes being so computed; that plaintiffs made partial payments on account of their taxes, and for fifteen months permitted defendant to collect taxes based on such valuation from a large majority of the taxpayers of the township. The lower court dismissed the bill.

*Held,* that plaintiffs were estopped by laches from asserting their rights, and the decree was affirmed.

Argued May 8, 1916.   Appeal, No. 359, Jan. T., 1915, by plaintiffs, from decree of C. P. Northumberland Co., No. 395, in equity, dismissing bill in equity for injunction in case of the Philadelphia and Reading Coal and Iron Company, The Mineral Railroad and Mining Company and the Lehigh Valley Coal Company v. P. Joseph Schmidt, Fred R. Dornsife and George E. Hancock, Commissioners of Northumberland County; Frank Bower, Joseph Jones, Nicholas Bohr, William Burget, Evan Jeremiah, John Breen, Henry Boyd, William Nayman, Frank Gabriel, Joseph Chichoski, James Purcell, Oliver Fessler, Joseph Dunn, Commissioners of the Township of Coal; John A. Adamiak, Edward Brennan, Adam L. Brosky, William Mangle, M. J. McBride, Patrick T. Ryan, Stanley F. Witt, School Directors of the Township of Coal; John M. Muir, Michael M. Meehan, Thomas Filer, Overseers of the Poor of the Poor District of the Township of Coal; William Dane, Treasurer of the Township of Coal, and Thomas Howells, Treasurer of the Township of Coal.   Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.   Affirmed.

Bill in equity to enjoin collection of taxes alleged to have been improperly levied.   Before MOSER, J.

The facts appear by the opinion of the Supreme Court.

The lower court dismissed the bill.   Plaintiffs appealed.

*Error assigned,* among others, was the decree of the court.

*Voris Auten,* with him *George Ellis* and *W. H. M. Oram,* for appellant.

*Abe L. Snyder,* with him *Albert Lloyd,* for appellee.—

The plaintiffs are estopped from now raising the question of the validity of the tax: Pearsoll v. Chapin, 44 Pa. 9; Adlum v. Yard, 1 Rawle 163; Share, et al., v. Anderson, et al., Executors of Anderson, 7 S. & R. 43; Meason v. Kaine, 67 Pa. 126; Guiterman v. Landis, 1 W. N. C. 622; Burke's Est., 1 Parsons 470; Gray v. Bell, 4 Watts 410.

Plaintiffs are guilty of laches: Carr v. Wallace, 7 Watts 394; Ater v. Smith, 245 Ill. 57; Wagner v. Sanders, 62 S. C. 73 (39 S. E. Repr. 950); Wood v. Carpenter, 101 U. S. 135; Townsend v. Vanderwerker, 160 U. S. 171; O'Malley v. Olyphant Borough, 198 Pa. 525; Hilliard v. Allegheny Geometrical Wood Carving Co., 173 Pa. 1; Stewart Wire Company v. Lehigh Coal & Navigation Company, 203 Pa. 474; Delaware, Lackawanna & Western R. R. Co. v. Luzerne County Commissioners, 245 Pa. 515.

OPINION BY MR. JUSTICE POTTER, July 1, 1916:

This is a bill in equity filed by the plaintiffs, as taxpayers, to restrain the defendants, the taxing authorities of Northumberland County, Pennsylvania, and of Coal Township in that county, from collecting from plaintiffs an unpaid balance of taxes for the year 1913, which plaintiffs contended were illegally levied. It is alleged in the bill, and the court below found as matters of fact, that the county commissioners, upon August 23, 1912, fixed a rate of levy for county taxes for the year 1913; that the rate of the levy for township taxes was fixed by the township commissioners on January 21, 1913; that the poor tax for the poor district of Coal Township for 1913, was levied by the overseers of the poor on March 12, 1913; that the commissioners of Northumberland County, acting as a board of revision on April 25, 1913, fixed and adjusted the valuation of taxable property in Coal Township for the year 1913. The plaintiffs contend that as the levies were made prior to the date when the valuations were finally adjusted by the county com-

missioners, sitting as a board of revision, the taxes for the year 1913 must be computed upon the last prior valuation. In September, 1913, the plaintiffs paid to the township treasurer substantially the amount which their taxes would have been if computed upon the last prior valuation, and it was not until December, 1914, that they filed this bill to restrain the several defendants from making any further collection of taxes from the plaintiffs for the year 1913. The answer of the county commissioners admits the allegations of the bill, but they aver that the matters of which plaintiffs complain were merely irregularities, and it is further averred that the plaintiffs have been guilty of laches. In the answer of the commissioners and overseers of the poor of Coal Township, it is averred that the tax levy was not completed until July, 1913, and that the levies were legal. They further aver that notice was given to plaintiffs by the treasurer of the township during the month of July, 1913, of the amount of the taxes, the rates levied, and the assessed valuation upon which the taxes were computed. They aver also that partial payments of the taxes so computed were made, and that in consideration of an extension of time, plaintiffs agreed to make final payment of the balance of the said taxes as computed on the 1913 valuation, whenever the treasurer should demand payment thereof. The court below found as a fact that the plaintiffs had notice that the taxes for the year 1913 charged against them were computed on the valuation as adjusted by the county commissioners of Northumberland County, sitting as a board of revision on April 25, 1913, before any part of the taxes for that year were paid by the plaintiffs; that prior to the filing of this bill none of the plaintiffs objected to the taxes for the year 1913 being computed and charged upon the adjusted valuation of April 25, 1913. The court further found that the plaintiffs had full knowledge of the dates of the respective levies, and full opportunity to verify the same; that they had full knowledge

that the duplicates and warrants were issued on the assessments adjusted April 25, 1913; that for fifteen months after the partial payments were made, during which time the defendants had no reason to suspect that the plaintiffs would take advantage of the premature levies, the defendants had been permitted without objection to collect taxes from a large majority of the taxpayers of the township, based on the 1913 valuation. In conclusion the court held that the plaintiffs were estopped by their conduct from asking the relief which they sought; and having slept on their rights to the disadvantage of the county and township, they were guilty of such laches as should debar them from refusing to pay the taxes so levied and charged against them for the year 1913. The right of the taxing authorities to make the levies at the time they did is not denied, but it is contended by appellants that the rate fixed must apply only to what was then the last adjusted or completed valuation of the property. As a matter of course, the rate should be fixed in connection with, and in view of, the amount of the valuation. In this case, the court below was of opinion that the levy was prematurely made, in that it was fixed before the assessment was finally settled, and that the taxes levied could not have been collected from the taxpayers, had objection been promptly made, and in the proper way, and prosecuted with due diligence. This is also admitted by counsel for appellees. But the court points out that with full knowledge of the assessments and taxes levied against them, the plaintiffs, in September, 1913, paid a portion of their taxes for that year. These payments were made under protest, pending the outcome of appeals to the courts from the valuations placed upon the property, but no complaint was made as to the time or method of the levy, and it was not until fifteen months after these partial payments were made, that objection was made to the levy. Under these circumstances the court below held that the plaintiffs had been guilty of such laches as

would defeat their right to an injunction.  Our consideration of the facts disclosed by the evidence leads us to the same conclusion.  In Stewart Wire Co. v. Lehigh Coal & Navigation Co., 203 Pa. 474, the present Chief Justice said (p. 478) : "Where a party seeks the intervention of a court of equity to protect his rights by injunction, the application must be seasonably made, or the rights may be lost, at least so far as equitable intervention is concerned.  It is a rule practically without exception that a court of equity will not grant relief by injunction where the party seeking it, being cognizant of his rights, does not take those steps to assert them which are open to him, but lies by and suffers his adversary to incur expenses and enter into burdensome engagements which would render the granting of an injunction against the completion of his undertaking, or the use thereof when completed, a great injury to him."  We think the principle thus formulated is applicable to the facts shown in the present case, and that it justifies the conclusion reached by the trial judge.  Admitting that the levy might have been resisted at the proper time, as being irregular and premature, yet, by making a partial payment of the taxes, and by delaying for more than fifteen months to raise the question of the irregularity of the tax, the plaintiffs have permitted defendants to make expenditures based on anticipated receipts of taxes for the current year, in public improvements for the benefit of the citizens of the township, including plaintiffs, and in the meantime other taxpayers have paid their taxes at the rate assessed, and for these payments there would be no right to recover.  Had plaintiffs acted promptly in the assertion of their rights, little or no harm would have resulted to the township or the county, as another levy could have been made, after the valuation was finally fixed by the board of revision. But now that conditions have so changed that the taxing authorities cannot be placed in their former position, if the right claimed by plaintiffs be enforced, the delay

has worked to the serious disadvantage of the defendants. An estoppel may be raised by acquiescence, where a party aware of his own rights, sees the other party acting upon a mistaken notion of his rights. "The rule is well recognized that when a party with full knowledge, or with sufficient notice or means of knowledge of his rights and of all the material facts, remains inactive for a considerable time or abstains from impeaching the transaction, so that the other party is induced to suppose that it is recognized, this is acquiescence, and the transaction, although originally impeachable, becomes unimpeachable": 10 Ruling Case Law 694.

The suggestion that the tax levy was wholly void, is not tenable. The officers had jurisdiction to make the levy, and the objection was not to the levy itself, but was only to the amount of the valuation of the property to which it was applied. Complainants admit that the same levy, if it had been applied to the former valuation, would have been unobjectionable. And they recognized the validity in part, of the tax claimed, by making a partial payment of the sum demanded. Possessing the right to levy and collect taxes for the purposes contemplated, on the property of complainants, a mistake in the valuation of the property subject to the tax, would not amount to usurpation of authority, such as would render the tax wholly void.

The assignments of error are overruled, the decree of the court below is affirmed, and this appeal is dismissed at the cost of appellants.