## Baldwin et al. v. Donora Borough.

*Taxation—School taxes—Excessive levy—Remedy at law—Bill in equity filed after termination of statutory time for appeal—Jurisdiction of equity— Act of July 27, 1842, P. L. 445, as amended by Act of April 29, 1844, P. L. 501—Act of April 19, 1889, P. L. 37.*

1. When a tax has been levied according to law and no appeal has been taken to the board of revision or appeal within the statutory time, equity has no jurisdiction to provide a remedy for an aggrieved taxable, unless an illegal tax is assessed or where property not subject to a tax has been assessed.

2. For all irregularities in the making of assessments and for inequality or excessiveness in assessments, the remedies provided by the statute are exclusive.

3. The plaintiffs wrongly assumed that the "board of review" would provide a proper remedy until the statutory time for appeal had elapsed.

4. Equity cannot acquire jurisdiction over a cause of action for which the law provides a full, complete and exclusive legal remedy merely because the remedy thus provided by law has been barred by the statute of limitations.

Bill for relief in tax assessments. C. P. Washington Co., No. 3145, in Equity.

Before Brownson, P. J., and Cummins, J.

*David M. McCloskey* (with him *R. Z. Moninger*), for plaintiffs.

*Donnan & Miller* (with them *D. M. Anderson, Norman E. Clark* and *Isaac W. Baum*), for defendants.

CUMMINS, J.—The plaintiffs, McClelland Baldwin and certain other owners of real estate in the Borough of Donora, and as taxables therein, filed their bill, wherein appear the following allegations of fact (omitting, however, mere averments of evidence): That the county commissioners, on Aug. 8, 1924, issued to Gustave Schaff, assessor of said borough, their precept, directing him to make the triennial assessment therein for the fiscal year 1925; that said Gustave Schaff, nine months thereafter, to wit, on May 6, 1925, died, and that one A. J. Vernon was duly appointed as his successor; that

Baldwin et al. *v.* Donora Borough.

a return was made and is on file in the commissioners' office, of his books, purporting to be the return of said Gustave Schaff, but that said Gustave Schaff never made these assessments and did not make return of the same to said county commissioners; that the school board of the school district of said borough, by its secret agents, without the consent of said Gustave Schaff, assessor, unlawfully valued the taxable properties in said borough so as to increase the total valuation from approximately $7,400,000 to $13,000,000; that the properties of plaintiffs and many other taxables were included in the valuation fixed by these agents, and were raised in many instances from 200 to 500 per cent.; that during the year 1925, and within the time allowed by law, 250 taxables of the said borough and school district (but not including plaintiffs) appealed from said triennial assessment to the Court of Common Pleas, which said appeals were later settled and discontinued, which adjustments resulted in a total decrease in valuation of approximately $218,000; that plaintiffs and many other property owners were led (by some one) to believe that if any change were made by the county commissioners sitting as a board of revision on appeals made thereto, all other assessments would be considered and equalized so as to be equal and impartial, and that, for this reason, plaintiffs did not file appeals within the time limited by law; that by reason of said increases made and the material decreases secured by those appealing, said borough and school assessments are partial, unequal and unfair; that the increases imposed upon plaintiffs are from 200 to 500 per cent., and in many instances exceed actual values; that relief has been refused by the town council of said borough, the school board of said school district and by the county commissioners of said county; that the assessments are unwarranted; and that the town council for said borough, during the fiscal year 1925, failed to fix any time and place for the hearing of tax appeals by the said town council; that plaintiffs seek relief not only for themselves, but also for 300 other unnamed taxables, but not for all taxables within the borough.

This proceeding is now before the court *in banc* upon defendants' answer raising preliminary objections to plaintiffs' bill, agreeable to Rule 48 of the Equity Rules. The second objection filed questions the court's jurisdiction, on the theory that plaintiffs had a full and complete remedy at law, and that equity is, therefore, without jurisdiction.

A precept was regularly issued by the county commissioners to the assessor of defendant borough, directing him to make therein its triennial assessment for the fiscal year in question; a return whereto is on file in the county commissioners' office, purporting to be said assessor's return. The Act of July 27, 1842, P. L. 445, as amended by the Act of April 29, 1844, P. L. 501, constitutes the county commissioners a board of revision. Section 13 of this act makes it the duty of this board of revision, "on receiving the returns of the assessors, . . . to examine and inquire whether the same have been made in conformity with the laws of this Commonwealth, and whether all property to be valued for taxation for State and county purposes has been valued at a sum or price not less than the same would bring, after a full public notice, at a public sale, supposing each separate lot or piece or tract of land, with the improvements, or the personal property of each individual, company or corporation only were to be sold." This they are expressly required to do of their own motion, without any complaint having been filed; the duty is mandatory. This section further makes it the duty of the board of revision to receive written communications, complaints or appeals relative to any property having been assessed too high or too low, and, having fixed a day

for the consideration of such appeals, to reduce or raise the same. And then the Act of April 19, 1889, P. L. 37, provides that any taxable who may feel aggrieved may appeal from the decision of the "board of revision and appeal" to the Court of Common Pleas within sixty days after the county commissioners or board of appeal have held the appeals and acted on the assessments considered thereat. These are the legal remedies provided by law for the taxable.

An examination of the authorities seems to uniformly and unerringly point to the conclusion that the legal remedy thus provided for an aggrieved taxable is ordinarily exclusive; that equity only has jurisdiction where an illegal tax, *i. e.*, a tax unauthorized by law, is assessed, or where a property not subject to a tax has been assessed; that for all irregularities in the making of assessments, and for inequality or excessiveness in assessments, the remedies provided by the statute are exclusive: Clinton School District's Appeal, 56 Pa. 315; Hughes *v.* Kline et al., 30 Pa. 227; Van Nort's Appeal, 121 Pa. 118; Moore *v.* Taylor, 147 Pa. 481; St. Mary's Gas Co. *v.* Elk County, 168 Pa. 401; D., L. & W. R. R. Co. *v.* Luzerne County Comm'rs et al., 245 Pa. 515. And see Dupuy *v.* Johns et al., 261 Pa. 40.

It is not alleged by plaintiffs that their properties were not subject to tax, or that the taxes assessed were not authorized by law, but that in the making of these assessments there were irregularities, and that the assessments complained of are excessive and inequitable. These are the very grievances which the statutory law provides shall be remedied by appeal, first to the county commissioners as a "board of review," and then, if still aggrieved, by appeal from their decision to the Court of Common Pleas.

Plaintiffs concede that the remedies provided by law would have afforded them complete and adequate redress, but claim that the matters complained of had been brought to the attention of the county commissioners by other taxables, who did appeal, and that they, the plaintiffs, believed that if any change were made in the assessments, the assessments of all property holders would be considered by the board of revision and equalized so that the same would be equal and impartial; and they had a right to assume that the "board of review" would do that very thing, for the law required them so to do: Section 13 of the Act of July 27, 1842, P. L. 445, as amended; but, in the absence of any averment in the bill that the county commissioners failed to fully discharge this duty, we must assume that the board of revision, upon receiving the assessment return in question, did examine, inquire and determine the same to have been regularly made in conformity with law, and that these assessments, after making their adjustments, were found by them to be just and equitable.

We know of no authority, and none has been called to our attention, which holds that equity could in any case acquire jurisdiction over a cause of action for which the law provides a full, complete and exclusive legal remedy, merely because the remedy thus provided by law has been barred by the statute of limitations. Equity follows the law. And see Phila., &c., C. & I. Co. *v.* Schmidt, 254 Pa. 351.

We do not decide that plaintiffs did not have a just cause of complaint and one which should have been redressed; but what we do decide in this case, and all that we decide, is that plaintiffs had a full, complete and exclusive remedy at law, and that being true, the court sitting in equity is without jurisdiction.

The complaint that the town council failed to appoint a time and place for the hearing of appeals in relation to the assessment of borough taxes is not

Baldwin et al. v. Donora Borough.

pertinent to the issue, as the town council has no authority to alter the assessment valuations finally fixed by the county commissioners sitting as a board of review, or by the Court of Common Pleas, in the event of appeal thereto, but only to correct errors of calculation made thereon.

The conclusion already reached makes unnecessary a consideration of the other questions raised by defendants' preliminary objections.

And now, Feb. 14, 1927, defendants' objection on the ground of want of jurisdiction sustained, and plaintiffs' bill is dismissed, at their cost.

From Harry D. Hamilton, Washington, Pa.