## Pennsylvania Turnpike Commission v. Bedford County et al.

*Alvin L. Little* and *Harry C. Pepper*, for plaintiff.
*Richard W. Lins*, for defendant.
*John H. Jordan*, for intervening defendant.

WRIGHT, P. J., April 14, 1943.—The Pennsylvania Turnpike Commission presented a petition for a rule upon the county commissioners to show cause why certain taxes assessed against property owned by the commission should not be stricken from the record. The School District of Bedford Township, in which the property in question is situated, was subsequently permitted to intervene as a party defendant. Answers have been filed by both defendants contending that the procedure adopted by the commission is improper, and this preliminary question is now before us for determination. Defendants argue, first, that the statutory remedy of appeal is exclusive; and second, that tax assessments are not judicial records, wherefore a

rule to show cause cannot be employed as it is not original process.

1. It is a general rule of law that, when the power to assess exists, the proper remedy for illegal taxation is by appeal: Clinton School District's Appeal, 56 Pa. 315; Van Nort's Appeal, 121 Pa. 118. The statutory remedy of appeal is not only adequate but exclusive where the assessing authorities have acted within the lawful scope of their powers: Susquehanna Collieries Company's Appeal, 335 Pa. 337. However, the position of this petitioner is that no right to assess exists, and that the assessing authorities have exceeded their lawful powers. Consequently, we are of the opinion that the general rule is not applicable. Supporting our conclusion are the many cases in which it has been held that, where there is want of power to assess, the taxable is not limited to the remedy of appeal but may invoke the aid of the equity court: Chevra Achewa Chesed Anshe Cheval v. Philadelphia et al., 116 Pa. Superior Ct. 101, and cases therein cited.

2. After extended consideration we have concluded that defendants' second contention must be sustained. Proceedings by rule to show cause grew out of the administration of equity through common-law forms. The tendency of modern practice is to enlarge rather than to restrict their operation: Park Brothers & Co., Ltd., v. Oil City Boiler Works, 204 Pa. 453. However, it was held in Short v. Board of the School District of Upper Moreland Township, 108 Pa. Superior Ct. 503, that a rule to show cause is not properly original process except by statute, being auxiliary only and for the facilitating of jurisdiction already acquired. In that case the court dismissed a rule to show cause why a school district should not exempt Federal employes from the payment of per capita school taxes. In Delco Ice Manufacturing Co. v. Frick Co., Inc., 318 Pa. 337, a rule to show cause why a conditional sale contract should not be stricken from the record was held to be

proper. As we interpret the reasoning of the Supreme Court in that case, it is based upon the premise that a conditional sale contract is a judicial record. It is pointed out that every court has absolute power over its own records and may fully control them by rule to show cause. Short v. Board of the School District of Upper Moreland Township, supra, is distinguished upon the significant ground that the matter at issue in that case was clearly not a court record.

We are unable to conclude that a tax assessment is a judicial record. It is a valuation of property for the purpose of fixing the proportion which each owner shall pay, and is filed in the commissioners' office. Certainly it does not come within the definition laid down in Fleming v. Parry, 24 Pa. 47, and repeated frequently since: a record which is potentially if not actually made up under the eye of the judge, in the presence of the parties, and after hearing them, and kept by the custos rotulorum.

Counsel for petitioner relies principally upon Commonwealth v. Dauphin County et al., 335 Pa. 177. Our examination of the paper books in that case convinces us that the decision therein does not determine the problem. The Commonwealth of Pennsylvania State Employees Retirement System presented a petition to the Court of Common Pleas of Dauphin County asking for a rule upon the County of Dauphin, City of Harrisburg, and the Harrisburg School District to show cause why "the assessment of any and all taxes, the lien 'or liens filed, judgment or judgments entered and executions issued" should not be set aside and stricken off. The answers disclosed that there had been no liens filed, judgments entered, or executions issued, but that the city treasurer had proceeded to advertise the real estate in question under the provisions of The Third Class City Law of June 23, 1931, P. L. 932, sec. 2575 et seq. The decree of the lower court sets aside and strikes off "the liens filed, judgments en-

tered, or executions issued." It does not mention tax assessments. This decree was affirmed by the Supreme Court in an opinion in which it is stated that "the Commonwealth . . . moved by petition to strike off the assessments . . . and the judgments and executions based thereon." The question of jurisdiction was not raised, and both the lower court and the Supreme Court apparently considered that the matter at issue involved judicial records, i. e., liens, judgments, or executions. We do not consider the case authority for the proposition that a rule to show cause is proper procedure where tax assessments stand alone. If we were to sustain the contention of petitioner, we would have to extend the existing definition of judicial records to cover tax assessments, or extend the operation of rules to show cause to matters other than judicial records. We do not feel warranted in making either of these extensions.

We deem it unnecessary to pass upon the contention of petitioner that the same rules of law and procedure which are applicable to an individual are not applicable to the Commonwealth or an instrumentality thereof, and that there is no statute which provides for any method of procedure where lands belonging to the Commonwealth have been improperly assessed. We do not agree with the contention that the petition for the rule may be considered as an appeal. It was not designated as such, nor was it so intended.

Incidentally, we have concluded that our decree allowing the school district to intervene was proper, not only under Pa. R. C. P. 2327(4), on which we originally based our reasoning, but also under Pa. R. C. P. 2327(3), in that the school district could have been made an original party defendant. It appears to be customary procedure in tax cases to join all the municipal corporations concerned as party defendants in the first instance.

*Decree*

Now, to wit, April 14, 1943, the rule to show cause why taxes assessed against property owned by the Pennsylvania Turnpike Commission within Bedford County, Pa., should not be stricken from the record is discharged without prejudice at the cost of petitioner. An exception is noted to the Pennsylvania Turnpike Commission.