Giuliani Construction Co., Inc., Appellant, *v.*
School District of Philadelphia.

Argued December 16, 1965. Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFF-
MAN, JJ. (FLOOD, J., absent).

*Maxwell L. Davis,* for appellant.

*Harold A. Siegel, Jr.,* for appellee.

OPINION BY MONTGOMERY, J., March 24, 1966:

On a petition for a declaratory judgment under the Act of June 18, 1923, P. L. 840, 12 P.S. §831 et seq., judgment was entered for the defendant and this appeal followed. The lower court's decision was based entirely on its construction of a contract between the parties whereby plaintiff-appellant undertook to perform certain improvement work on defendant's Jefferson School. The contract includes plans, specifications, and bulletins issued by defendant after the plans and specifications had been distributed to prospective bidders. The contract was awarded to plaintiff following competitive bidding.

The issue to be decided relates to the meaning and effect of Bulletin No. 2, dated March 19, 1965, which was six days before the contract, dated March 25, 1965, was agreed to. This bulletin relating to the Jefferson School is headed, "RE: REVISIONS TO SPECIFICATION B-62 of 1965", "SUPPLEMENTAL BULLETIN NO. 2",[1] "The following shall become a part of Specification B-62 of 1965." In each of the items referred to in Bulletin No. 2, particular words, phrases, and sentences are either deleted or added to the several articles of the specifications with particular reference to each. There is no general instruction or change made in the con-

---

[1] Bulletin No. 1 had added, ". . . pages Nos. 8, 9, and 10 of the 'General Conditions' which were omitted and must be attached to the above captioned specifications", but do not particularly concern us in this appeal.

tract except as the bulletin changes the wording of specifications.

The third item of this bulletin reads as follows:

"3. On page #19, Article 3-1, SCOPE OF WORK, para. (a) delete the following:

'also removing existing skylights and replacing same with a precast concrete plank deck furnishing the additional steel members required for the proper supports and the application of two (2) built-up slag roof and flashings, etc.' "

The fifth item of this bulletin also requires our attention. It reads:

"5. On page #33, Article 5-6, SCHEDULE OF WORK, para. (s), add the following:

'The framework and trim of the existing diffusing sash shall be properly prepared, then painted as specified herein.' "

No other changes were ever made in the contract, plans or specifications relating to the subject matter of this dispute, namely, the skylight in the school auditorium.

The issue to be decided is whether or not the changes covered by Bulletin No. 2 removed the skylight work from the contract. The lower court found that it had not been removed and we are in accord with that view.

The contract, including the original plans which had not been altered, and the specifications as amended by the bulletin must be read together. We do not interpret the bulletins as altering the plans or any paragraphs or articles of the specifications or contract except those to which particular reference is made in such bulletins. Therefore, the lower court's interpretation of the contract was correct and we approve and quote its following analysis:

"Under the Special Conditions 'Contract Drawings' Article 13, it is provided that Drawing '92—Details' shall become a part of the contract. This drawing was

never replaced or changed by Supplemental Bulletin 2 and it contains the instructions 'Replace exist. skylight & diffusing sash systems.' In addition, this drawing contains details concerning the skylights' removal and replacement.

"This direct conflict with the supposedly deleted work provision could have easily been cured by a change in the drawing or by its inclusion in the scope of the deletion statement. The existence of Drawing 92 without change, therefore, strongly indicates that the work included thereon must still be done by the contractor.

"Another large portion of the work claimed to be deleted is the Precast Reinforced Concrete Roof Plank. This item, however, is thoroughly and specifically described under Section 2-30 of the specifications, and by no reasonable interpretation can we consider this large item to have been deleted by the general exclusionary language in Supplemental Bulletin 2.

"Furthermore, the steel members required for supports generally excluded in said Bulletin are specifically included under their proper category 'Structural Steel' in Section 12-1(c) of the specifications. The existence of this section without change reinforces the argument that the work encompassed under the deleted language must still be accomplished by the contractor.

"After examining and construing the contract document as a whole in order to arrive at the intention of the parties, while seeking to harmonize the various provisions of all of the contract documents, this Court accepts the interpretation of the Chief of Design and Construction, expressed in his letter to the contractor on May 13, 1965, that the deletion was for the purpose of clarification and for the removal of a redundancy which existed because such work was already covered in other parts of the contract, and that the scope of the 'Roofing and Sheet Metal Work' section from which the

deletion was made should only encompass items of a roofing nature.

"This conclusion is further supported by the caveat contained in the contract in the form of a warning to the contractor to examine all portions of the specifications and drawings (Specifications, pp. 2, 5), as well as the provision which sets up the Chief Engineer as the person to interpret and decide the meaning and applicability of the General Conditions, Special Conditions, drawings or specifications (Specifications, p. 1)."

In construing a contract each and every part of it must be taken into consideration and given effect if possible, and the intention of the parties must be ascertained from the entire instrument. *Neal D. Ivey Company v. Franklin Associates, Inc.*, 370 Pa. 225, 87 A. 2d 236 (1952); *Mowry v. McWherter*, 365 Pa. 232, 74 A. 2d 154 (1950); *Robinson v. Stover*, 320 Pa. 308, 182 A. 145 (1936). The lower court's decision was based on such a consideration of this contract.

Judgment affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

I dissent. In this case the specifications and drawings given to appellant and other bidders for the purpose of obtaining bids contained the provisions with regard to the removal and the replacement of the skylight. Six days before the bids were submitted, Supplemental Bulletin No. 2, which deleted this provision, was issued. Appellant undoubtedly relied on this provision in submitting its bid.

Bulletin No. 2 clearly deletes the only provision in the specifications which specifically spelled out that the skylights were to be removed. I find no ambiguity in this provision.

Even if an inconsistency had been created by Bulletin No. 2, however, these later provisions should su-

persede any earlier provisions contained in the specifications or drawings. *Thompson v. Craft*, 238 Pa. 125, 85 A. 1107 (1913). This is especially true in the instant case, since any ambiguity in the contract was created by appellee who drafted it. *Home Builders of Mercer County, Inc. v. Dellwood Corporation*, 379 Pa. 255, 108 A. 2d 731 (1954).

WRIGHT, J., joins in this dissenting opinion.