## Allentown Supply Corporation v. Allentown School District

*Thomas F. Traud, Jr.,* of *Roberts & Traud,* for plaintiff.

*William G. Malkames,* for defendant.

WIEAND, *J.,* November 5, 1975—This action in assumpsit was instituted by plaintiff, Allentown

Supply Corporation, to recover a balance allegedly due under the terms of a written contract pursuant to which it performed the mechanical contracting work necessary to erect the William Allen High School Physical Education Building. The base bid submitted by plaintiff and the amount incorporated into its contract with the Allentown School District was $418,202. The sum of $397,202 has already been paid. Whether the difference of $21,000 is due depends on whether the school district is entitled to a credit for 300 cubic yards of rock which plaintiff admittedly did not encounter during excavation work. Because this must be determined by the terms of the written contract, defendant school district has used a motion for judgment on the pleadings as the vehicle for obtaining such a determination.

When plaintiff submitted its bid for the mechanical work on the building, it based that bid on written specifications which were subsequently incorporated into the contract. Paragraph 2-14 of the specifications provided as follows:

"Basis of contract (excavation).

"2-14. The excavation work shall be assumed to be clay, gravel, loose stones, or loose shale, except for (300), three hundred cubic yards allowance, which shall be assumed to be rock excavation. The cost of rock excavation must be included within this respective Contractor's Base Bid and shall consist of 150 one hundred fifty cubic yards of trench rock excavation and one hundred fifty (150) cubic yards of bulk rock excavation. The excavation contractor shall coordinate all operations with this respective Contractor to substantiate the quantity of rock removal within the respective Excavation Work. This respective Contractor's (300) three hundred cubic yard allowance includes rock re-

moval of the Excavation Work, Grading Work and Storm Water Drainage Work. Allowance in the Base Bid shall include all necessary surveying services to substantiate the quantity of rock excavation. Rock excavation, shall consist of all rocks which measure three-quarter (¾) cubic yards or more, and which cannot be removed by standard power driven excavating equipment, or without drilling or blasting, or both."

Paragraph 2-15 provided further, in part:

"2-15. This Contractor shall submit on the proposal page, unit prices for rock excavation in both categories of trench excavation and bulk rock excavation. *Unit prices shall indicate the amount per cubic yard to be added or deducted from the Contract Price in the event the above stated rock excavation allowance is not attained or is exceeded. . . .*" (Emphasis supplied.)

Plaintiff's written bid was based on these specifications which anticipated an excavation of 300 cubic yards of rock. If the anticipated rock allowance was exceeded, the excess rock was to be paid for according to the unit rate agreed upon by the parties. On the other hand, if less than 300 cubic yards of rock were excavated, then the contract price was to be reduced by the same unit price.

This was established by paragraph 8 of the written contract in the following language:

"8. The Owner shall pay the Contractor for performance of the work to be performed as provided in Paragraph 7, subject to additions and deductions as provided for in the Contract Documents . . . the sum of $418,202.00 . . .

"8-1 UNIT PRICES. *The following unit prices shall govern for Rock Excavation, added to or not required from the cubic yard allowance given in the specifications.*

"Allowance Trench Rock Excavation—$70.00 per cu. yd. 150 cu. yd.

"Bulk Rock Excavation—$70.00 per cu. yd. 150 cu. yd." (Emphasis supplied)

In the instant case, plaintiff has admitted that it excavated no rock. It argues, however, that section 2-14 of the specifications should be interpreted to mean that 300 yards of "clay, gravel, loose stones, or loose shale" must be assumed to be rock. When so construed, it argues, the full contract price is payable without a reduction.

There are several reasons why plaintiff's argument must be rejected. In the first place, such a construction would render nugatory the language of the contract which requires a reduction in the contract price if the total rock allowance is not attained. Secondly, it would require that we ignore the definition of "rock excavation" which is spelled out in detail in a succeeding sentence of paragraph 2-14 of the specifications. This, we should not do.

In construing a contract, each and every part of it must be taken into consideration and given effect if possible. The intention of the parties must be ascertained from the entire instrument: Giuliani Construction Co., Inc. v. School District of Philadelphia, 207 Pa. Superior Ct. 498, 217 A. 2d 793 (1966). An interpretation will not be given to one part of a contract which will annul another part of it: Neal D. Ivey Company v. Franklin Associates, Inc., 370 Pa. 225, 87 A. 2d 236 (1952); John McShain, Inc. v. General State Authority, 9 Pa. Commonwealth Ct. 427, 307 A. 2d 469 (1973).

Plaintiff argues that where there is an ambiguity in a contract, it should be resolved against the party that prepared the contract, in this instance defendant's architect. See Consolidated Tile and Slate Co. v. Fox, 410 Pa. 336, 189 A. 2d 228 (1963). Allen-

town Supply Corporation argues further that because an ambiguity exists in the contract, it should be given an opportunity to introduce parol evidence to show that its bid was based on an assumption that 300 cubic yards of gravel, loose stones and shale were to be considered as "rock." These arguments must be rejected. We perceive no ambiguity in the terms of the contract. In a written contract, the intent of the parties is the writing itself, and when the words are clear and unambiguous the intent must be determined solely from the express language of the agreement: Robert F. Felte, Inc. v. White, 451 Pa. 137, 302 A. 2d 347 (1973). The written contract in the instant case is such that neither parol evidence nor rules of construction are necessary to a determination of the parties' intent. That intent is clear and unambiguous.

## ORDER

Now, November 5, 1975, it is ordered that defendant's motion for judgment on the pleadings be granted, and judgment is hereby entered in favor of defendant.