544 A.2d 1025

**Gerald E. MARCINAK, Appellant,**

v.

**SOUTHEASTERN GREENE SCHOOL DISTRICT, Appellee.**

Superior Court of Pennsylvania.

Argued April 14, 1988.

Filed July 18, 1988.

488

Gary D. Monaghan, Uniontown, for appellant.

John A. Stets, Public Defender, Waynesburg, for appellee.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The Plaintiff–Appellant, Gerald Marcinak, instituted the instant action seeking the payment of a retirement benefit which he alleged he was entitled to pursuant to the terms of an employment contract between himself and the Appellee Southeastern Greene School District. The employment contract applied to the Appellant's position as Superintendent of the District for a three year term. The dispute was heard before the trial court, sitting without a jury. It determined that the Appellant was not entitled to the retirement benefit he sought.

The Appellant contends that the trial court erred in construing the contract between the parties. He maintains that his agreement with the Appellee mandated a payment of a retirement incentive benefit. The Appellant also argues that if the contract of employment contained doubtful or ambiguous language, the trial court erred by failing to construe it against the Appellee, which drafted it.

The record shows that the Appellant, who had been an employee of the Appellee School District for over twenty

years prior to that time, was retained as the Superintendent of the District in early 1982, for a three year term. His employment contract, a three page document, does not specifically indicate when it was signed by the Appellant and a representative of the Appellee. However, it makes reference to the hiring of the Appellant for the position at a special monthly meeting of the Board of Education of the Appellee, held on January 27, 1982. Further, it declares that the specific term of employment was for three years, commencing July 1, 1982. Particularly relevant in this case is the following provision of the employment agreement:

That the Board shall provide the Superintendent during this Contract, all benefits as accrued and as accorded and equal to those provided the members of the professional staff. Such benefits shall include Blue Cross and Blue Shield coverages, as well as personal and emergency days, tuition and other payments granted during the life or term of this Contract. Earned sick leave is to be pro-rated in accordance with that earned by the teaching staff. A vacation of one month will be granted annually.

The specific retirement benefit sought by the Appellant in this action is provided for in a separate labor agreement between the Appellee School District and the employee association which represented the teaching employees of the School District. That collective bargaining agreement, which by its terms was effective from September 1, 1982 until August 31, 1985, provided, in Article XXI, entitled "Retirement Incentive Program", for the following retirement benefit payments:

Any employee, having completed 25 years of service or having attained 55 years of age with the most recent ten (10) years of consecutive service performed in the Southeastern Greene School District, shall be entitled to receive a retirement incentive payment as follows:

at age 55 or less .................................... $ 7,000
at age of 56 ........................................ 6,000
at age of 57 ........................................ 5,000
at age of 58 ........................................ 4,000
at age of 59 ....:................................... 3,000
at age of 60 ........................................ 2,000
at age of 61 ........................................ 1,000

Payment shall be made during the month of January of the succeeding calendar year after retirement.

The record shows that in December, 1984, the Appellee gave notice that the position of Superintendent would be open for applications, for the term following the completion of the Appellant's contract. The Appellant did not reapply, and in February, 1985, the Appellee District hired another person to succeed the Appellant as Superintendent, commencing July 1, 1985. In late May or early June, 1985, the Appellant gave notice to the District that he intended to retire at the expiration of his contract.

Appellant urges that he is entitled to the retirement incentive payment, provided for in the collective bargaining agreement, as a result of the above-quoted provision of his own employment agreement which extended benefits to him "as accorded and equal to" those provided members of the professional staff during the term of his agreement. No question is presented as to the Appellant's satisfaction of requirements of years of service and other qualifications for the retirement benefit. The only issue is whether the provisions of his employment contract encompassed a right to the retirement benefit sought in these proceedings.

■ The trial court determined that the critical clause in the Appellant's employment contract was not ambiguous, as its meaning could be clearly determined by the application of a well-established principle of contract construction. That rule, as enunciated by the Pennsylvania Supreme Court in *In Re Alloy Manufacturing Company Employees Trust*, 411 Pa. 492, 192 A.2d 394 (1963), provides that specific provisions of a written contract ordinarily will be regarded as qualifying the meaning of broad general terms

in relation to a particular subject. See also *City of Philadelphia v. Philadelphia Transportation Co.,* 345 Pa. 244, 26 A.2d 909 (1942), concerning this rule. The trial judge pointed out that the employment contract contained a general expression of benefits followed by specifically enumerated benefits. He concluded that the aforementioned rule of construction required a finding that Appellant was limited to the specific benefits which were particularly stated in his employment agreement with the Appellee. Because there was no reference to the "Retirement Incentive Program" in the Appellant's employment contract, it was ruled that the Appellant's claim to that benefit could not succeed.

We cannot agree with these conclusions reached by the trial judge. The trial court's analysis directed attention only to those specific benefits, such as personal and emergency days, which are listed in the employment contract. However, that analysis failed to consider the additional language in the contract stating that "all benefits as accrued and as accorded and equal to those provided the members of the professional staff" was intended to include those specifically listed as well as *"other payments granted during the life or term of this Contract"* (emphasis added). Such terminology is a clear indication of the intent of the parties to extend to the Superintendent some payments not specifically enumerated in the employment agreement.

The general inclusive clause "other payments granted during the life or term of this Contract" should have been considered by the trial court, as it is well-established that a court may not disregard a provision in a contract if a reasonable meaning may be ascertained therefrom. Further, in construing a contract, each and every part of it must be taken into consideration and given effect, if possible, and the intention of the parties must be ascertained from the entire instrument. On these points, see *Giuliani Construction Co., Inc. v. School District of Philadelphia,* 207 Pa.Super. 498, 217 A.2d 793 (1966).

Our analysis would violate these rules and be deficient, if it were to attach no significance the reference to "other payments granted during the life or term of this Contract." By the use of such a phrase, in the context of the other parts of the same section of the employment agreement, the parties evidenced their intent that the Appellant would be afforded a right to all of the payments which any other professional employee could receive while the agreement was in effect. We can discern nothing ambiguous about that mutual intention. Accordingly, the teacher's retirement benefit sought by the Appellant should have been made available to him because it was available to other professional employees.

While the interpretation of ambiguous writings is left to the discretion of the finder of fact, unambiguous terms are construed by a court as a matter of law. *Community College v. Society of the Faculty*, 473 Pa. 576, 592, 375 A.2d 1267, 1275 (1977). The intent of the parties to a written contract is to be regarded as being embodied in the writing itself, and when the words are clear and unambiguous, the intent is to be discovered only from the express language of the agreement. *Estate of Breyer*, 475 Pa. 108, 379 A.2d 1305 (1977). When the words of the contract are unequivocal, it speaks for itself and a meaning cannot be given to it other than that expressed, and there is no need to refer to extrinsic aids or evidence to determine the intentions of the parties. *East Crossroads Center, Inc. v. Mellon–Stuart Co.*, 416 Pa. 229, 205 A.2d 865 (1965).

The Appellant did not elect to apply for a renewal of his appointment as the Appellee's Superintendent for another term. Prior to the end of the term of his contract, he gave notice of his retirement. He had fulfilled all requirements for the retirement benefit he sought, which was available to other professional employees. In these circumstances, applicable rules of contract interpretation required that the trial court order that he be paid the benefit in issue.

The Order of the trial court is reversed, and the case is remanded to the trial court for entry of judgment for the Appellant. Jurisdiction relinquished.