583 A.2d 803

**Louane M. YOUNG, Administratrix of the Estate of Aaron J. St. Onge, Deceased, and All Others Similarly Situated, Appellants,**

v.

**DONEGAL MUTUAL INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 2, 1990.

Filed Nov. 9, 1990.

Reargument Denied Jan. 14, 1991.

312

Pamela G. Shuman, Harrisburg, for appellants.

Robert E. Kelly, Jr., Harrisburg, for appellee.

Before OLSZEWSKI, BECK and HOFFMAN, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order of the Court of Common Pleas of Dauphin County granting the defendant's, Donegal Mutual Insurance Company ("Donegal"), motion for summary judgment and dismissing the request of plaintiff's counsel for attorneys' fees for services rendered in settling after-discovered claims pursuant to the No-fault Act, 40 P.S. § 1009.101, *et seq.* (repealed). The trial court found a stipulation entered into by the parties to be unambiguous and to require dismissal of the request for attorneys' fees. Finding the contract to be ambiguous, we vacate and remand for further consideration.

This dispute arises from a stipulation entered into by the parties as part of the settlement of a class-action suit

brought to recover post-mortem work loss benefits, interest and attorneys' fees from Donegal pursuant to the No-Fault Act. The stipulation settled the claims arising from three subclasses. At issue here is whether Angino & Rovner, P.C. (A & R), counsel for the class plaintiffs, is entitled to recover attorneys' fees for services rendered in the subsequent settlement of after-discovered claims which fit the settled subclasses.

The relevant portions of the stipulation are:

5 d. *After Discovered Members*

The parties agree to attempt to resolve and settle the claims of persons hereinafter identified as potentially within the scope of the three above identified subclasses under terms and conditions substantially similar to that set forth in this Stipulation of Settlement

\* \* \* \* \* \*

5 e. *Attorney's Fees*

In consideration of the time and effort expended by counsel for the Plaintiffs and in accordance with Section 106(b)(1) of the No-Fault Act, Donegal agrees to pay Plaintiffs' counsel fifty-five thousand ($55,000.00) dollars in partial payment of attorney's fees and costs on behalf of all three (3) settling subclasses ... and in no event shall Donegal Mutual be obligated to pay attorney's fees and costs in excess of fifty-five thousand ($55,000.00) dollars ...

Reproduced record at 31-32a.

The trial court found the language of Para. 5(e) of the stipulation to be unambiguous and to mandate dismissal of A & R's request for counsel fees to be assessed against Donegal in relation to the settlement of the after-discovered claims. Trial court opinion at 2. We disagree for the reasons set forth below.

Summary judgment is only proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.Civ.P. 1035(b), 42 Pa.C.S.A. The movant must demonstrate that

no genuine factual issues exist and that he is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 200–201, 412 A.2d 466, 468–469 (1979). An appellate court must examine the record in the light most favorable to the non-moving party, who is entitled to the benefit of all reasonable inferences. *Pennsylvania Gas & Water Co. v. Nenna & Frain, Inc.*, 320 Pa.Super. 291, 298, 467 A.2d 330, 333 (1983). All doubts as to the existence of a genuine issue of material fact must be resolved against the movant, as summary judgment is only proper in the clearest case. *Thompson Coal, supra*, 320 Pa.Superior Ct. at 200–201, 412 A.2d at 468–469.

The basic principles of Pennsylvania contract law applicable to this dispute are simply stated. Where the language of a contract is clear, its meaning must be determined by the expressed terms only. *Steuart v. McChesney*, 498 Pa. 45, 47, 444 A.2d 659, 661 (1982). A contract is to be interpreted as a whole to give effect to all of its provisions. *Atlantic Richfield Co. v. Razumic*, 480 Pa. 366, 370, 390 A.2d 736, 739 (1978). A contract is not ambiguous if the court can determine its meaning even though the parties do not agree upon a proper interpretation. *Vogel v. Berkley*, 354 Pa.Super. 291, 297, 511 A.2d 878, 881 (1986). An ambiguous contract is to be interpreted in light of the surrounding circumstances and other extrinsic evidence. *Burns Manufacturing Co., Inc. v. Boehm*, 467 Pa. 307, 311 n. 3, 356 A.2d 763, 766 n. 3 (1976).

■ Applying these principles to the instant case, we find that the trial court erred in granting Donegal's motion for summary judgment. We agree with the trial court conclusion that the reference to "partial payment of attorneys' fees" in the stipulation is "simply a description of the payment by the defendant in the context of the total fees to be received by plaintiff's counsel in this action." Trial court opinion at 2–3. Nonetheless, the trial court opinion does not address the impact of the language in Para. 5(d) of the stipulation on the language it found determinative in Para. 5(e).

The 5(d) language expressly preserves the existence of after-discovered claims and provides that such claims shall be settled under terms "substantially similar" to the claims already settled. The No-fault Act expressly provides that a claim may be discharged by a settlement " . . . upon payment by the restoration obligor of the costs of the proceedings including a reasonable attorney's fee . . . to the attorney . . . for the claimant." 40 P.S. § 1009.106(b)(1) (repealed). A reasonable construction of this paragraph in light of the applicable statute would lead to the conclusion that attorneys' fees for after-discovered claims would be divided in a manner substantially similar to how fees were split in the stipulation.[1] A & R contends on appeal that this is the unambiguous meaning of the stipulation. We cannot agree, as there is merit to Donegal's interpretation also.

Donegal contended, and the trial court agreed, that the controlling language is found in Para. 5(e): " . . . in no event shall Donegal Mutual be obligated to pay attorney's fees and costs in excess of fifty-five thousand ($55,000.00) dollars." This language does address the dispute at bar; still, the trial court was not free to disregard the impact of Para. 5(d) on the language of Para. 5(e). *Marcinak v. Southeastern Greene School Dist.*, 375 Pa.Super. 486, 488, 544 A.2d 1025, 1027 (1988). We find that the two clauses, read together, create a doubt as to the existence of an ambiguity whether further attorneys' fees would be assessed against Donegal if after-discovered claims were settled. All such doubts must be resolved against the party seeking summary judgment. *Thompson Coal, supra* 488 Pa. at 200-01, 412 A.2d at 468-69. As such a doubt exists, summary judgment was not proper.

A & R encourages this Court to examine extrinsic evidence to resolve this ambiguity. This we will not do. It is true that where a contract is ambiguous, a court should properly inquire as to the extrinsic circumstances to ascer-

1. Para. 5(e) of the stipulation expressly recognizes that settling a claim under the No-fault Act requires the restoration obligor to pay the claimant's reasonable attorney fees.

tain the meaning the parties intended. *Burns Manufacturing, supra* 467 Pa. at 311 n. 3, 356 A.2d at 766 n. 3. Both parties below urged that the stipulation was unambiguous and the trial court so found. Trial court opinion at 2. In light of the above holding that the language of the stipulation, read as a whole, is ambiguous, we will refrain from interpreting the contract until the parties have more fully developed the record and the trial court has rendered a decision thereon.

Order of the Court of Common Pleas of Dauphin County granting appellee's motion for summary judgment is vacated, and this case is remanded for further proceedings in accordance with this opinion. Jurisdiction is relinquished.