**BETHLEHEM STEEL CORPORATION,**

v.

**MATX, INC., the Manitowoc Company, Inc., Robert Snyder and Audrey Snyder.**

**Appeal of MATX, INC.**

Superior Court of Pennsylvania.

Argued June 17, 1997.

Filed Oct. 21, 1997.

---

Arthur Makadon, Philadelphia, for appellant.

Donald B. Kaufman, Harrisburg, for Bethlehem Steel, appellee.

Before TAMILIA and HUDOCK, JJ., and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus.

This is an appeal from an order of the lower court granting summary judgment in appellee's (plaintiff's) favor. We affirm.

The lower court summarized the pertinent facts of the case as follows:

Presently before the court are the motion for summary judgment of plaintiff Bethlehem Steel Corporation ("Bethlehem Steel") and the cross motion for summary judgment of defendant MATX, Inc. ("MATX"). In the current action Bethlehem Steel seeks indemnification from MATX. The following factual background explains the basis of Bethlehem Steel's claim.

In July 1985 defendant Robert Snyder was injured while operating a crane manufactured by defendant The Manitowac Company ("Manitowac") and owned by Bethlehem Steel. The incident occurred on the latter party's premises. At the time Snyder was working as an employee of MATX which had contracted with Bethlehem Steel to perform a Finishing Building Contract ("Building Contract"). In July 1987 Snyder brought an action in negligence and strict liability against Bethlehem Steel and Manitowac. Bethlehem Steel moved to join MATX as an additional defendant in October 1988. The motion was denied. On March 8, 1989 Bethlehem Steel instituted the present action with a request for declaratory judgment regarding MATX's responsibility to indemnify Bethlehem Steel. The action was brought

against all other parties whose interests would be affected by the declaratory judgment, namely, Manitowac, Snyder, and his wife Audrey.

On October 16, 1995 Snyder's suit was resolved through a settlement agreement with Bethlehem Steel and Manitowac. Bethlehem Steel agreed to pay or cause to be paid to Snyder $1,950,000.00 but disavowed any inferences that the settlement agreement constituted admissions of liability. Bethlehem Steel also stated that the "Release" executed with the settlement agreement did not "discharge its claim for indemnity ... against MATX."

Bethlehem Steel filed the present motion on December 14, 1995. Plaintiff requests the court to grant judgment in its favor and rule that MATX must indemnify ... Bethlehem Steel for the amount which the latter party agreed to give Snyder. Bethlehem Steel further asks the court to make MATX responsible for all reasonable fees and costs incurred by Bethlehem Steel while defending against Snyder's action. MATX filed a cross motion for summary judgment on January 11, 1996. The matter was argued before an en banc court in March 1996. We will grant plaintiff's motion and deny defendant's.

Trial court opinion, August 26, 1996, at 1–2. Following the lower court's decision to grant appellee's motion for summary judgment, appellant (MATX) filed this timely appeal in which it raises the following issues:

1. Whether an indemnification provision in a contract between MATX and Bethlehem Steel that specifically covers equipment-related injuries governs Bethlehem Steel's indemnification claim against MATX with respect to injuries sustained by a MATX employee in a crane accident?

2. Whether the applicable contractual provision contains the "clear and unequivocal" language necessary to overcome the Workmen's Compensation Act bar that would otherwise preclude Bethlehem Steel from obtaining indemnification from MATX with respect to a negligence claim by a MATX employee?

3. Whether the applicable contractual provision contains the "clear and unequivo-cal" language necessary to overcome the Workmen's Compensation Act bar that would otherwise preclude Bethlehem Steel from obtaining indemnification from MATX with respect to a strict liability claim by a MATX employee?

4. Whether the applicable contractual provision requires MATX to reimburse Bethlehem Steel for attorneys' fees and defense costs incurred in defending against a MATX employee's claims?

Before considering these issues, we will first set forth our standard of review.

In reviewing an order of summary judgment, we consider the following:

The evidence must be viewed in the light most favorable to the non-moving party, and he must be given all the reasonable inferences created by his evidence. Nonetheless, if there are no material issues of fact in dispute, and plaintiff has failed to allege facts sufficient to make out a *prima facie* case, as a matter of law, then summary judgment may be granted properly. Thus, where there are no credibility issues and the allegations of the appealing party, if accepted as true, fail to make out a *prima facie* case as a matter of law rather than as a matter of fact, summary judgment is appropriate.

*Hunger v. Grand Central Sanitation,* 447 Pa.Super. 575, 578, 670 A.2d 173, 174 (1996), *appeal denied,* 545 Pa. 664, 681 A.2d 178 (1996) (citations omitted).

The current dispute centers on two paragraphs of a contract between the parties. The relevant paragraphs are the second and third paragraphs of section seven of the contract, entitled "RESPONSIBILITY AND INSURANCE". Those paragraphs provided:

The Company [Bethlehem Steel] assumes no obligation to furnish to the Contractor [MATX] any tools, equipment or materials for the performance of the Work except as may be expressly provided herein. If the Contractor or its subcontractors or the employees, representatives, agents or invitees of any of them shall make ·use of any other tools, equipment or materials, with or without the consent of the Compa-

ny, such tools, equipment or materials shall be accepted in "as is" condition, without any warranty whatsoever, express or implied, and the Contractor shall indemnify and save harmless each of the Bethlehem Companies from and against all loss or liability in respect of any damage, destruction, injury or death arising from the use of such tools, equipment or materials as well as in respect of any failure of the same to be suitable for the intended purpose. [hereinafter Paragraph Two].

The Contractor shall indemnify and save harmless each of the Bethlehem Companies from and against all loss or liability for or on account of any injury (including death) or damages received or sustained by the Contractor or any of its subcontractors or any employee, agent or invitee of the Contractor or any of its subcontractors by reason of any act or omission, whether negligent or otherwise, on the part of any of the Bethlehem Companies or any employee, agent or invitee thereof or the condition of the Site or other property of any of the Bethlehem Companies or otherwise. The Contractor shall further indemnify and save harmless each of the Bethlehem Companies from and against all loss or liability for or on account of any injury (including death) or damages received or sustained by any person or persons by reason of any act or neglect on the part of the Contractor or any of its subcontractors or any employee, agent or invitee of the Contractor or any of its subcontractors, including any breach or alleged breach of any statutory duty which is to be performed by the Contractor hereunder but which is or may be the duty of any of the Bethlehem Companies under applicable provisions of law.... [hereinafter Paragraph Three].

We will now consider appellant's contentions on appeal.

■ When interpreting a contract, "the court's paramount goal is to ascertain and give effect to the intent of the parties as reasonably manifested by the language of their written agreement." *Halpin v. LaSalle University,* 432 Pa.Super. 476, 481, 639 A.2d

37, 39 (1994), *appeal denied,* 542 Pa. 670, 668 A.2d 1133 (1995).

When the words used in a contract are ambiguous, a court may examine the surrounding circumstances to ascertain the intent of the parties. When the language of a writing is clear and unequivocal, however, its meaning must be determined by its contents alone ... When determining whether a contract is ambiguous, a court must view the contract as a whole and not in discrete units.

*Id.* at 481, 639 A.2d at 39 (citations omitted).

■ "[A] court may not disregard a provision in a contract if a reasonable meaning may be ascertained therefrom." *Marcinak v. Southeastern Greene School District,* 375 Pa.Super. 486, 491, 544 A.2d 1025, 1027 (1988). "[I]n construing a contract, each and every part of it must be taken into consideration and given effect, if possible, and the intention of the parties must be ascertained from the entire instrument." *Id.* "[T]he intention of the parties is paramount and the court will adopt an interpretation which under all circumstances ascribes the most reasonable, probable, and natural conduct of the parties, bearing in mind the objects manifestly to be accomplished." *Village Beer & Beverage, Inc. v. Vernon D. Cox, Inc.,* 327 Pa.Super. 99, 107, 475 A.2d 117, 121 (1984).

Looking at the contract as a whole, section seven sets forth the responsibilities of the parties under the contract. The contract at issue was a "Finishing Building Contract" which related to the unloading, painting and erecting of all steel of a "finishing building" at appellee's plant in Steelton, Pennsylvania. Plaintiff's Motion for Summary Judgment, paragraph 14. Snyder, appellant's employee, was injured while performing work for appellant under this contract.

Under the first paragraph of section seven, appellant was to be "solely responsible" for the "protection of the Work and of all equipment and material." Further, appellant was to "properly guard the Work in order to prevent any person or persons being injured by it or by the condition of the Site...." The second and third paragraphs of section seven have been previously set forth. Paragraph four required appellant to forward to

appellee a copy of reports filed with its insurance carrier or with the "compensation authority" related to injuries or deaths on the site. Under paragraphs five and six, appellant was to obtain fire insurance and workmens' compensation insurance.

Appellant argues that Paragraph Two, and not Paragraph Three, applies to the instant case because it is concerned with equipment. Appellant further asserts that Paragraph Two does not contain the language necessary to overcome the bar of the Workmen's Compensation Act with respect to (1) a negligence claim, and (2) a strict liability claim.

Paragraph Two is indeed applicable to the present case. However, it is not exclusively applicable, as appellant argues. Paragraph Three also applies herein. Both Paragraph Two and Paragraph Three contain sufficient language to overcome the bar of the Workmens' Compensation Act. In addition, by reading the contract as a whole, we find that the parties intended for Paragraph Two to apply in non-negligence claims related to injuries involving tools or equipment, and for Paragraph Three to apply to any claims involving appellee's own negligence.

■ General indemnity language is insufficient to remove the bar to recovery created by the exclusivity provision of the Workmen's Compensation Act, 77 P.S. § 481(b). *Bester v. Essex Crane Rental Corporation,* 422 Pa.Super. 178, 184, 619 A.2d 304, 307 (1993), *appeal denied,* 539 Pa. 641, 651 A.2d 530 (1994). The intent to indemnify against claims by employees of the alleged indemnitor must clearly appear from the terms of the agreement. *Id.* at 185, 619 A.2d at 307.

■ In this case, Paragraph Two provides that appellee (Bethlehem) assumed no obligation to furnish appellant (MATX) with tools, equipment or materials for the job. Further, that paragraph provided that if appellant "or its subcontractors or the *employees,* representatives, agents or invitees of any of them" uses "any other tools, equipment or materials" with or without appellee's consent, then such tools, equipment, etc. will be accepted by MATX in "as is" condition, without any warranty, *and* appellant will indemnify appellee against "all loss or liability

in respect of any damage, destruction, injury or death arising from" the use of such tools, equipment, etc. "as well as in respect of any failure of the same to be suitable for the intended purpose." (emphasis added). The reference in Paragraph Two to the employees of appellant, when read in connection with the second clause of that sentence shows a clear intent, under the language of the agreement, that appellant will indemnify appellee for any liability arising from injuries to appellant's own employees related to their use of equipment, tools, etc. not provided by appellant itself. Here, the crane which was involved in Snyder's injuries was owned by appellee. The language of Paragraph Two is clear that the parties intended, in the situation contemplated by Paragraph Two, to remove the bar of the Workmen's Compensation Act in respect to appellant's responsibility to indemnify appellee for injuries to appellant's own employees.

■ Although Paragraph Two does not contain language relating to claims involving appellee's own negligence, Paragraph Three does contain such language. A contract of indemnity for injuries arising from negligence should not be construed to indemnify against the negligence of the indemnitee unless such intent is expressed in unequivocal terms in the indemnity contract. *Ruzzi v. Butler Petroleum Company,* 527 Pa. 1, 588 A.2d 1 (1991); *Hackman v. Moyer Packing,* 423 Pa.Super. 378, 621 A.2d 166 (1993); *Perry v. Payne,* 217 Pa. 252, 66 A. 553 (1907). Here, Paragraph Three provides that MATX is to indemnify appellee from all loss or liability on account of any injury or damages "received or sustained" by MATX "or any of its subcontractors or any employee, agent or invitee" of MATX "by reason of any act or omission, whether negligent or otherwise, on the part of any of the Bethlehem Companies or any employee, agent or invitee thereof or the condition of the Site or other property of any of the Bethlehem Companies or otherwise." This paragraph clearly indicates an intent that MATX indemnify appellee for injuries arising from appellee's own negligence. In addition, Paragraph Three contains language clearly stating that its provisions apply to injuries to appellant's own

employees; thus, under the language of paragraph three, appellant's immunity from liability under the Workmen's Compensation Act is removed for purposes of the indemnity contract.

Appellant also argues that appellee has "misconceived the law regarding indemnification against strict liability claims." Appellant cites *Burgan v. City of Pittsburgh*, 115 Pa.Cmwlth. 566, 542 A.2d 583 (1988), *appeal denied*, 521 Pa. 613, 557 A.2d 344 (1989) and *Kruzits v. Okuma Machine Tool, Inc.*, 1994 WL 269550 (No. Civ. 93–3512, filed February 9, 1994), *rev'd on other grounds*, 40 F.3d 52 (3rd Cir.1994), in support of this position. In *Burgan*, Ram Construction Company (Ram) was a general contractor hired by the City of Pittsburgh to correct a hazardous condition on a hillside adjacent to a highway. Controlled Blasting, Inc. (CBI) was a sub-contractor hired by Ram to perform blasting. Burgan was an employee of Ram who was injured when a rockslide occurred. Burgan filed a civil action against the City, CBI, and A.M. Richardson and Associates, Inc., who developed a plan for the project.

The *Burgan* case, along with other related personal injury actions, went to a jury on the issue of liability for purposes of contribution. The City, Richardson, and PennDot were found negligent and CBI was found strictly liable. Ram was found negligent and strictly liable. On appeal, CBI contended that the trial court had erred in refusing to enforce an indemnity provision between it and Ram. Under the agreement between those two parties, Ram was to:

> indemnify and hold harmless [CBI], its employees and agents, from any and all liabilities, damages, losses or claims of any character, whether caused by negligence or otherwise, as a result of injuries to any property, any person of the said customer [Ram] from such services or work (excepting only liability for injury or death of [CBI] employees).

*Burgan v. City of Pittsburgh*, 115 Pa. Cmwlth. at 573, 542 A.2d at 587. However, under another provision of the agreement between the parties, liability was imposed on Ram for its negligence as Ram was said to have control over the blasting services.

The *Burgan* court found that, because of this latter provision, the agreement did not "clearly and unequivocally" provide that CBI was entitled to indemnification for damages resulting from its own negligence. In addition, because CBI was involved in an "ultra-hazardous" activity, blasting, the court found that CBI could not contract away its strict liability through an indemnity clause, because such a clause "would weaken incentives to employ utmost safety precautions for the protection of the public." *Id.* at 578, 542 A.2d at 588–89.

In the instant case, there was no "ultrahazardous" activity involved, and protection of the public was not an issue. (In *Burgan*, the work site was adjacent to a highway used by the public). Thus, it is distinguishable on that basis.[1]

Appellant has also misconstrued the *Kruzits* case. At issue there was whether language in an indemnity clause was sufficient to overcome the employer's immunity under the Pennsylvania Workmen's Compensation Act for injuries to the employer's employee. The court found that the language was not sufficient because it did not specifically indicate an intent to indemnify for liability to one of the employer's own employees. The defendant who was seeking indemnity from the employer attempted to argue that the plaintiff's action was based on strict liability, not negligence, and that therefore, the same level of specificity in language was not required to overcome the bar of the Workmen's Compensation Act.

The *Kruzits* court disagreed, finding that the fact that the plaintiff's claim was in strict liability did not defeat the requirement that there be language in the indemnity provision indicating a specific intent that the employer indemnify the defendant for injuries to the

---

1. In *Burgan*, language was used requiring Ram to indemnify CBI for "negligence or otherwise." The *Burgan* court did not object to the use of this language to establish a right of indemnity in a strict liability action. The basis of the *Burgan* court's decision was that the indemnity clause was ineffective because of the nature of CBI's activities (ultra-hazardous). The *Burgan* court acknowledged that the words "negligence or otherwise" in an indemnity clause could establish a right of indemnity where strict liability was the cause of action.

employer's own employees. The court concluded that the "requirement of specificity in order to overcome [Workmen's Compensation Act] immunity is analytically distinct from a requirement of specificity in order to obtain indemnification for one's own negligence." *Id.*

This case does not stand for the proposition, as appellant argues, that "strict liability" must be specifically mentioned in an indemnity clause in order for the clause to cover indemnity for a strict liability action. The case rather stands for the proposition that even in a strict liability action, in order for an indemnification clause to require an employer to indemnify another party for injuries to the employer's employee, specific language to this effect must be included.

The instant case conforms to those requirements. Paragraphs Two and Three contain specific language indicating the parties' intention that appellant indemnify appellee for liability for injuries to appellant's own employees. Although the paragraphs do not contain the specific words "strict liability," that is not required under either *Burgan* or *Kruzits.*[2]

Appellant's fourth claim on appeal is that the lower court erred in allowing appellee's claim for attorneys' fees and costs. Appellant argues that the trial court erred in finding that appellee was entitled to indemnification under the contract; therefore, the lower court's award of attorneys' fees and costs was erroneous. Appellant cites no authority for this contention. Since we have found that the trial court did not err in holding that appellee was entitled to indemnification under the contract, there is no merit to this claim.

Having found no merit to appellant's contentions on appeal, we will affirm the order of the lower court granting appellee's motion for summary judgment.

Order affirmed.

---

**2.** We note also that we are not bound to follow either of these decisions. *See Garcia v. Savage,* 402 Pa.Super. 324, 586 A.2d 1375 (1991) (Superior Court need not follow precedent of Commonwealth Court); *Cianfrani v. Johns–Manville Corporation,* 334 Pa.Super. 1, 482 A.2d 1049 (1984) (Pennsylvania courts need not follow decisions of federal district courts).