# Gatchell v. Waltman

*David J. Alexander,* for plaintiff.

*Michael W. Wagman,* for defendant.

PEREZOUS, *J.,* January 25, 2006—Presently before the court is the motion for summary judgment filed by the defendant, Winifred R. Waltman, deceased, by and through Jerry R. Gatchell, administrator of the estate of Winifred R. Waltman. The defendant contends that he is entitled to summary judgment because the plaintiff, Cheryl Gatchell,[1] cannot establish the elements of a negligence claim. Specifically, the defendant argues that the Dead Man's Act, 42 Pa.C.S. §5930, precludes any testimony by the plaintiff, and that she is unable to establish any of the elements necessary to prove a prima facie case of negligence. In response, the plaintiff argues that Jeffrey Gatchell is not precluded from testifying under the Dead Man's Act since he is no longer a party to the action, and presents an affidavit containing a brief description of his proposed testimony. For the following reasons, this court denies the defendant's motion.

According to the plaintiff, she injured herself when she slipped and fell on an accumulation of snow or ice while she was walking on a sidewalk. The property is located at 932 Lititz Avenue in Lancaster, Pennsylvania and was owned by her father-in-law, Winifred R. Waltman. Mr. Waltman passed away on September 8, 2003, prior to the institution of this lawsuit. The complaint in this matter was filed on January 8, 2004. The plaintiff

---

1. In response to the defendant's motion for summary judgment, plaintiff Jeffrey Gatchell withdrew his claim for loss of consortium, which was styled as Count II in the initial complaint.

asserted a premises liability claim as a social invitee against the defendant. The defendant filed an answer with new matter on February 9, 2004, and the plaintiff filed a timely reply to new matter on February 13, 2004. After a period of discovery, the defendant filed the present motion on October 6, 2005.

It is well settled in this Commonwealth that summary judgment is proper only when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2. Under the Pennsylvania Rules of Civil Procedure there are two situations in which a summary judgment motion is permissible:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:

"(1) Whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) If, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2(a).

Along with this standard, the Rule also sets forth the requirements for a response to a motion for summary judgment:

"The adverse party may not rest upon the mere allegations or denials of the pleadings, but must file a response within 30 days after service of a motion identifying:

"(1) One or more issues of fact arising from the evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

"(2) Evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced." *Id.*

Generally, the moving party has the burden of proving that no genuine issue of material fact exists. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 100, 674 A.2d 1038, 1041 (1996). In determining whether summary judgment is appropriate, the court must review the evidentiary record in a light most favorable to the non-moving party, and that party will be given all reasonable inferences created by that evidence. *Bethlehem Steel Corp. v. MATX Inc.,* 703 A.2d 39, 41 (Pa. Super. 1997). In other words, any doubt must be resolved against the party seeking summary judgment, and it should only be granted in cases that are free and clear of doubt. *Davis v. Pennzoil Co.,* 438 Pa. 194, 202, 264 A.2d 597, 601 (1970).

Viewing the record in a light most favorable to the plaintiff, this court must deny the defendant's motion. While the Dead Man's Act precludes the plaintiff from

testifying, it does not preclude the testimony of her husband, who is no longer a party to the lawsuit. The Act states, in pertinent part: "[i]n any civil action or proceeding, where any party to a thing or contract in action is dead . . . and his right thereto or therein has passed . . . to a party on the record who represents his interests in the subject in controversy, neither any surviving nor remaining party to such thing or contract, nor any other person whose interest shall be adverse to the said right of such deceased . . . shall be a competent witness to any matter occurring before the death of said party." 42 Pa.C.S. §5930.

Thus, the plaintiff's interest in the outcome of the litigation is adverse to that of the decedent's, and she cannot testify against the defendant. Nevertheless, her husband is permitted to testify. As the Pennsylvania Supreme Court has stated, "spouses of an interested party to a transaction with a decedent may not be barred from testifying [based upon the Dead Man's Act] on the basis of marital status alone." *Estate of Grossman,* 486 Pa. 460, 474, 406 A.2d 726, 733 (1979).

Even with the proposed testimony of the husband, however, the defendant argues that the plaintiff cannot carry her burden of proof. Specifically, he mentions that the record lacks any evidence establishing the nature and scope of Mr. Gatchell's testimony, and states that the plaintiff may not merely assert that his testimony is sufficient for the claim to go forward. He contends that there must be evidence, in the record, showing that a genuine issue of material fact exists with respect to the elements of the negligence claim. As the Pennsylvania Rules of

Civil Procedure provide, moreover, a response to a motion for summary judgment must contain "[e]vidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced." Pa.R.C.P. 1035.2(a).

In the present case, the plaintiff has established such facts. As the affidavit attached to the plaintiff's sur reply to the defendant's reply brief in support of the motion for summary judgment points out, Mr. Gatchell will testify that he was with the plaintiff on the decedent's property at the time of the accident. He witnessed her slip and fall on an accumulation of uncleared ice, and observed that ice to be two inches thick in places. He will further testify as to the injuries suffered by the plaintiff. Viewing the record in a light most favorable to the plaintiff, then, the proposed testimony presents a genuine issue of material fact and this court is unable to grant the defendant's motion for summary judgment.

Accordingly, the court enters the following:

ORDER

And now, January 25, 2006, upon consideration of defendant's motion for summary judgment, together with the briefs and supporting papers filed by the parties, it is hereby ordered that defendant's motion is denied.