## Len Stoler Inc. v. Garrett

*Denise Montgomery,* for plaintiff.
*Brian A. McCall,* for defendant Car Buff.
*Dana C. Panagopoulos,* for defendant Martin.

PEREZOUS, *J.,* August 25, 2006—Presently before the court is the motion for summary judgment filed by the defendant, The Car Buff Auto Sales, against the plaintiff, Len Stoler Inc. Summary judgment is sought in favor of defendant Car Buff and against all other parties as to any claims and/or cross-claims filed against it.

Defendant contends that it is entitled to summary judgment in this matter because it owed no duty to the plaintiff, did not breach any duty owed to the plaintiff, and the plaintiff failed to produce any evidence of negligence on the part of defendant Car Buff. Furthermore, plaintiff failed to produce any evidence of an agency relationship between defendants Garrett and Car Buff, which would establish a duty owed to the plaintiff by defendant Car Buff. In response, plaintiff argues that defendant Car Buff is vicariously liable for the actions of defendant Garrett, and the motion for summary judgment should be denied. For the following reasons, the motion is granted, and defendant Car Buff is dismissed from any and all claims and cross-claims.

Plaintiff is an automobile dealer who retained the services of defendant Richard Garrett to represent and sell a 1997 Porsche 911 at the Manheim Auto Auction in Lancaster, Pennsylvania. Defendant Car Buff was not a party to this agreement, nor did it receive any financial benefit from the attempted sale. In furtherance of this agreement, plaintiff had the Porsche transported to the Manheim Auto Auction by trailer and left the Porsche in the care, custody and control of defendant Garrett. Prior to its sale at the auction, defendant Garrett elected to have the Porsche detailed. Defendant Garrett took the Porsche from the auction by placing a dealer tag on it, owned by defendant Car Buff. On July 13, 2002, defendant Garrett was involved in a motor vehicle accident while operating the Porsche on Route 322 in Ephrata, Lancaster County, Pennsylvania: he collided with the rear end of a vehicle being operated by Sheila Martin (now Sheila Sensenig). As a result of the collision, both

the Porsche and the other vehicle sustained property damage. Plaintiff also claims that the Porsche lost in excess of $4,000 due to a depreciation in its resale value.

On or about February 27, 2003, plaintiff filed a complaint against defendants Car Buff and Garrett. On August 19, 2003, defendant Car Buff filed an answer and new matter denying the material allegations of the complaint and asserted a cross-claim against defendant Garrett. On March 12, 2004, defendant Garrett filed preliminary objections to the complaint, alleging that defendant Garrett was not negligent and that the accident was caused solely by the negligence of Sheila Martin. On May 14, 2004, plaintiff filed a complaint against Sheila Martin. Defendant Martin filed an answer and new matter and asserted a cross-claim against defendant Garrett. Plaintiff subsequently filed a motion to consolidate both actions, and the matters were consolidated on October 18, 2004.

Following the consolidation of the cases, the matter proceeded to arbitration, where testimony and evidence was introduced by all parties. On November 16, 2005, the arbitration panel found in favor of plaintiff and against defendant Garrett. The panel further found in favor of defendants Car Buff and Martin as to the plaintiff's claims against them. Plaintiff timely appealed the decision of the arbitrators.

Plaintiff's theory of recovery against defendant Car Buff rests on an allegation of authority granted to defendant Garrett by defendant Car Buff to have Garrett act on its behalf. Plaintiff alleges in the complaint that de-

fendant Garrett gained access to the auction by virtue of an auction access card bearing his name and likeness, and identifying him as an agent of Car Buff Auto Sales and Detailing. Plaintiff further alleges that defendant Car Buff entrusted Garrett with authority to enter the auction, hold himself out as an agent of defendant Car Buff, and to use and control a dealer tag owned by defendant Car Buff for the purpose of driving the plaintiff's Porsche on public roads. Plaintiff contends that absent these factors, the Porsche would have remained at the Manheim Auto Auction, and the accident and resulting damages would not have occurred. On the other hand, defendant Car Buff maintains that defendant Car Buff was not at fault for the accident, owed no duty to plaintiff, and is not liable for any of plaintiff's damages. Moreover, defendant Car Buff argues that plaintiff has failed to establish an agency relationship between defendants Garrett and Car Buff regarding the plaintiff's Porsche.

It is well-settled in this Commonwealth that summary judgment is proper only when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2. Under the Pennsylvania Rules of Civil Procedure there are two situations in which a summary judgment motion is permissible:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:

"(1) Whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) If, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2(a).

Along with this standard, the rule also sets forth the requirements for a response to a motion for summary judgment:

"The adverse party may not rest upon the mere allegations or denials of the pleadings, but must file a response within 30 days after service of a motion identifying:

"(1) One or more issues of fact arising from the evidence in the record controverting the evidence cited in support of the motion, or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

"(2) Evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced." *Id.*

It is important to note that the moving party has the burden of proving that no genuine issue of material fact exists. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 98, 674 A.2d 1038, 1041 (1996). The appropriate standard of review is also crucial in this court's determination of

the present motion. In determining whether summary judgment is appropriate, the court must review the evidentiary record in a light most favorable to the non-moving party, and that party will be given all reasonable inferences created by that evidence. *Bethlehem Steel Corp. v. MATX Inc.,* 703 A.2d 39, 41 (Pa. Super. 1997). In other words, any doubt must be resolved against the party seeking summary judgment, and it should only be granted in cases that are free and clear of doubt. *Davis v. Pennzoil Co.,* 438 Pa. 194, 202, 264 A.2d 597, 601 (1970). Here, viewing the facts in a light most favorable to the plaintiff as the non-moving party, and resolving all doubts in his favor, summary judgment is appropriate.

In the present case, plaintiff has failed to establish a negligence action against defendant Car Buff because the evidence does not show that it owed a duty to plaintiff or that defendant Garrett was acting as its agent. Any negligence action is premised on the existence of a duty owed from one party to another. *Gibbs v. Ernst,* 538 Pa. 193, 210, 647 A.2d 882, 890 (1994). The issue of whether a duty of care exists is a question of law that may be decided by the court rather than the trier of fact. *Herczeg v. Hampton Township Municipal Authority,* 766 A.2d 866, 871 (Pa. Super. 2001). A court weighs several factors in determining whether a duty exists in a particular case: "(1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution."

*Lindstrom v. City of Corry,* 563 Pa. 579, 584, 763 A.2d 394, 397 (2000).

In order for an agency theory of liability to attach, moreover, a plaintiff must establish the following elements: (1) the manifestation by the principal that the agent shall act for him, (2) the agent's acceptance of the undertaking, and (3) the understanding of the parties that the principal is to be in control of the undertaking. *Basile v. H & R Block,* 563 Pa. 359, 367, 761 A.2d 1115, 1120 (2000). It is also important to note that the fact that an employee is driving an automobile with a dealer's tag does not authorize a presumption that the employee of the car dealer is acting within the scope of his employment; he might, with equal legality, be using the vehicle for his own pleasure. *Lanteigne v. Smith,* 365 Pa. 132, 135, 74 A.2d 116, 118 (1950). As the court held in *Lanteigne,* agency cannot be inferred from the fact that a dealer's tags were on a car. *Id.*

The evidence of record establishes that defendant Garrett was acting solely and exclusively on behalf of plaintiff in connection with the sale of the Porsche, and fails to establish that he was acting as an agent of Car Buff when the accident occurred. As the record shows, defendant Garrett was given authority to drive the Porsche and remove it from the auction site to have it conditioned for sale by plaintiff, not defendant Car Buff. Furthermore, defendant Garrett received payments from Len Stoler for services related to the Porsche, and received no payments from defendant Car Buff. Defendant Car Buff had no financial interest in the Porsche and was not paid for any services associated with the attempted sale of the Porsche.

In addition, there was no manifestation that defendant Garrett was working for defendant Car Buff in connection with the sale of the Porsche. As previously mentioned, defendant Garrett received payments from plaintiff; defendant Car Buff had no financial interest in the sale of the Porsche. The Porsche was not being detailed at a facility connected with defendant Car Buff, and Car Buff had no control over defendant Garrett's actions relating to the sale of the Porsche. Defendant Garrett accepted the undertaking to sell the Porsche on plaintiff's behalf, and not for the benefit of defendant Car Buff. The record establishes that plaintiff acted as principal and was in control of the undertaking to sell the Porsche at auction. The mere fact that defendant Garrett operated the car with defendant Car Buff's dealer tag, after obtaining access to the car by virtue of an auction access card, is insufficient to impose legal liability upon defendant Car Buff for the accident involving the Porsche. Therefore, the motion for summary judgment is granted.

Accordingly, the court enters the following:

## ORDER

And now, August 25, 2006, upon consideration of the motion for summary judgment filed by the defendant, The Car Buff Auto Sales, together with the briefs and supporting papers filed by the parties, it is hereby ordered that the motion is granted, and the defendant, The Car Buff Auto Sales, is hereby dismissed from any and all claims and cross-claims.