ANDERSON, J.,
Before the court are cross motions for summary judgment, filed on January 20, 2015, by plaintiffs and on February 12, 2015, by defendants. Argument on the motions was heard March 23,2015.
The underlying action is a complaint in declaratory judgment whereby plaintiffs (hereinafter “QC”) seek a declaration that defendants (hereinafter “ECM”) have a duty to defend and an obligation to indemnify QC in a lawsuit brought against QC by one Richard Shearer and his wife. In the instant motions, the parties agree that there are no disputes of fact, only the legal issue of contract interpretation, and ask this court to declare whether or not ECM has that duty and obligation.[1]
In its capacity as a broker, QC entered an agreement with ECM in its capacity as a motor carrier, whereby *168 ECM provides transportation services for customers of QC. Richard Shearer, a track driver, is an employee of ECM and has brought an action against QC, alleging that the negligence of a QC employee led him to be injured while he was working for ECM.[2] The parties agree this work was pursuant to the agreement between ECM and QC. QC now seeks indemnity under Section 8 of the above-mentioned agreement, which provides as follows:
Carrier shall defend, indemnify, and hold Broker harmless from and against all loss, liability, damage, claims, fines, costs or expenses, including attorney’s fees, arising out of or in any way related to (i) the performance of services pursuant to this agreement and (ii) the performance or breach of this agreement by Carrier, its employees, or independent contractors working for Carrier (collectively, the “claims”), including, without limitation, claims for or related to, personal injury (including death), property damage, and Carrier’s possession, use, maintenance, custody or operation of the equipment. Carrier’s liability under this Section 8 shall not be limited in any way by the insurance coverage required under Section 9, below.
See plaintiff’s complaint at paragraph 9. ECM objects that Section 481(b) of the Workmen’s Compensation Act provides immunity from QC’s claim. Section 481(b) provides as follows:
§ 481. Exclusiveness of remedy; actions by and against third party; contract indemnifying third party
*169 [[Image here]]
(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employees, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.
77 P.S. Section 481(b)(emphasis added). Based on this language, the court in Bester v. Essex Crane Rental Company, 619 A.2d 304, 308 (Pa. Super. 1993), held that an indemnification clause must “contain plain language which would avoid the employer’s protection from double responsibility which is afforded by the Workmen’s Compensation Act” and that “in order for an employer to be held liable in indemnification for injuries to its own employees caused by the negligence of the indemnitee there must be an express provision for this contingency in the indemnification clause.”[3] The court went on to specify that “[i]n order to avoid the ambiguities which grow out of the use of general language, contracting parties must specifically use language which demonstrates that *170 a named employer agrees to indemnify a named third party from liability for acts of that third party’s own negligence which result in harm to the employees of the named employer. Absent this level of specificity in the language employed in the contract of indemnification, the Workmen’s Compensation Act precludes any liability on the part of the employer.” Id. at 309 (emphasis added). The court found that the following language was not sufficiently specific:
The Lessee [Russell] shall defend, indemnify and hold forever harmless Lessor [Essex] against all loss, negligence, damage, expense, penalty, legal fees and costs, arising from any action on account of personal injury or damage to property occasioned by the operation, maintenance, handling, storage, erection, dismantling or transportation of any Equipment while in your possession. Lessor shall not be liable in any event for any loss, delay or damage of any kind of character resulting from defects in or inefficiency of the Equipment hereby leased or accidental breakage thereof....
Id. at 306.
Bester was cited with approval in Bethlehem Steel Corp. v. MATX, Inc., 703 A.2d 39 (Pa. Super. 1997). There, the following language was held to be sufficient “to overcome the bar of the Workmen’s Compensation Act”:
The Company [Bethlehem Steel] assumes no obligation to furnish to the Contractor [MATX] any tools, equipment or materials for the performance of the Work except as may be expressly provided herein. If the Contractor or its subcontractors or the employees, representatives, agents or invitees of any of them shall make use of any other tools, equipment or materials, *171 with or without the consent of the Company, such tools, equipment or materials shall be accepted in “as is” condition, without any warranty whatsoever, express or implied, and the Contractor shall indemnify and save harmless each of the Bethlehem Companies from and against all loss or liability in respect of any damage, destruction, injury or death arising from the use of such tools, equipment or materials as well as in respect of any failure of the same to be suitable for the intended purpose.
The Contractor shall indemnify and save harmless each of the Bethlehem Companies from and against all loss or liability for or on account of any injury (including death) or damages received or sustained by the Contractor or any of its subcontractors or any employee, agent or invitee of the Contractor or any of its subcontractors by reason of any act or omission, whether negligent or otherwise, on the part of any of the Bethlehem Companies or any employee, agent or invitee thereof or the condition of the Site or other property of any of the Bethlehem Companies or otherwise. The Contractor shall further indemnify and save harmless each of the Bethlehem Companies from and against all loss or liability for or on account of any injury (including death) or damages received or sustained by any person or persons by reason of any act or neglect on the part of the Contractor or any of its subcontractors or any employee, agent or invitee of the Contractor or any of its subcontractors, including any breach or alleged breach of any statutory duty which is to be performed by the Contractor hereunder but which is or may be the duty of any of the Bethlehem Companies under applicable provisions of law....
*172 Id. at 41-42.
In the instant case, the language used in the indemnification clause does not expressly state that ECM agrees to be liable for injury to its own employees caused by the negligence of QC. QC nevertheless argues that such intent can be inferred, citing Village Beer & Beverage, Inc. v. Vernon D. Cox & Co., 475 A.2d 117, 121 (Pa. Super. 1984), which held that “the court will adopt an interpretation which under all the circumstances ascribes the most reasonable, probable, and natural conduct of the parties, bearing in mind the objects manifestly to be accomplished.” Village Beer did not involve an indemnification clause and the application of the Worker’s Compensation Act, however. As was held in Shumosky v. Lutheran Welfare Services of Northeastern PA, Inc., 784 A.2d 196, 203 (Pa. Super 2001), “permissible inferences from words of general import cannot establish an express assumption of potential liability. Hershey Foods Corp. v. General Electric Service Co., 422 Pa. Super. 143, 619 A.2d 285 (Pa. Super. 1992). ‘The intent to indemnify against claims by employees of the alleged indemnitor must clearly appear from the terms of the agreement. ’ Bethlehem Steel, supra. An asserted indemnification provision must be carefully scrutinized and strictly construed. Gerard [v. Penn Valley Constructors, Inc., 495 A.2d 210 (Pa. Super. 1985)].” Thus, the court may not infer intent to indemnify where it is not expressly stated.[4] The agreement at issue here does not provide for the sought-after indemnification.
*173 ORDER
And now, this day of March 2015, for the foregoing reasons, plaintiff’s motion for summary judgment is denied; defendant’s motion for summary judgment is granted. Declaratory judgment is hereby entered in favor of defendants and against plaintiffs.

. The court wishes to note that the agreement itself provides that it shall be governed by and construed under the laws of the state of Delaware, and that exclusive venue for any action arising from or related to the agreement shall be Wilmington, Delaware and the state or federal courts located therein. See plaintiff’s motion for summary judgment, Exhibit C. Counsel have provided no explanation as to their apparent choice to waive this requirement.

. According to the complaint in that case, the employee of QC directed a truck to back up into a certain spot and in doing so, caused the truck to hit Shearer, causing bodily injury.

. Bester was an employee of Russell Construction, which leased a crane from Essex. The negligence of an Essex employee was alleged by Bester to have caused him injury while he was using the crane, working for Russell.

. The court notes that QC’s argument, that intent to indemnify should be inferred because ECM “had complete control of the equipment, choice of employees, and performance” and “[t]he parties could not have contemplated that plaintiffs would be liable for ECM’s own chosen employee injuring another chosen ECM employee while performing as independent contractors under the agreement”, is misplaced. Shearer alleges that he was injured by a QC employee, not an ECM employee.